IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00141-M

KIMBERLY ERWAY, as Parent of Minor )
Child J.E., )
)
Plaintiff, )
)
v. )
) **OPINION**
UNITED STATES TRANSPORTATION ) **AND ORDER**
SECURITY ADMINISTRATION, UNITED )
STATES OF AMERICA, and JANE DOE, )
an Employee of the United States )
Transportation Security Administration, )
)
Defendants. )

This matter comes before the court on Defendants United States Transportation Security Administration (the "TSA") and United States of America's (the "USA" and, collectively with the TSA, the "Government Defendants") motion to dismiss the causes of action Plaintiff Kimberly Erway brought against them, which motion was filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and -(6) on June 16, 2020. [DE-7] For the reasons that follow, the Government Defendants' motion is GRANTED.

I. **Background**

In her complaint, Plaintiff alleges the following facts: Plaintiff and her minor child J.E.[1] were ticketed passengers on a flight leaving from Raleigh-Durham International Airport ("RDU") on May 1, 2019. [DE-1 ¶¶ 1, 16] Upon arrival at RDU, Plaintiff and J.E. submitted to the airport's security-screening process, which the TSA was responsible for conducting. [DE-1 ¶¶ 15–17] J.E., a transgender female,

---

[1] The child's initials are used to protect the child's identity. *See* Fed. R. Civ. P. 5.2; Local Rule 17.1(c).

1

entered into a TSA body scanner for inspection, and the scanner registered an anomaly in J.E.'s groin area. [DE-1 ¶¶ 18–29] J.E. told the scanner operator of her transgender status and asked to be rescanned, but the operator refused and called a supervisor for assistance. [DE-1 ¶¶ 18, 24]

The scanner operator told the supervisor, Defendant Jane Doe, what had transpired. [DE-1 ¶ 32] Doe then advised J.E. that she would not be allowed to leave the security-screening area until she accompanied Doe to a private room, exposed herself, and allowed Doe to inspect her groin area. [DE-1 ¶¶ 32–38] When Plaintiff tried to intervene, Doe directed Plaintiff to force J.E. to submit to the inspection, which direction Plaintiff refused. [DE-1 ¶¶ 39–42] Doe then summoned a police officer, who refused to assist in the inspection. [DE-1 ¶¶ 45–47] Plaintiff and J.E. then left RDU, rented a car, and drove to their home in Rochester, New York. [DE-1 ¶ 48]

On January 11, 2020, Plaintiff's counsel emailed a letter to the TSA purporting to present an administrative claim seeking money damages to compensate Plaintiff and J.E. for injuries allegedly resulting from the above-described incident. [DE-1 ¶ 49; DE-8-3–4] Four days later, a TSA representative responded to Plaintiff's counsel via email, noting that Plaintiff's counsel's submission did "not contain evidence of [Plaintiff's counsel's] representative authority" or "evidence that [Plaintiff] is the parent or guardian of" J.E. [DE-8-4] The TSA representative requested this evidence from Plaintiff, saying that (1) the TSA was "ready to process the claim" once the evidence was received and that (2) the email "should not be construed as a denial of the claim[,]" but that (3) the TSA was "unable to process the claim further until such evidence is received." [DE-8-4] Finally, the TSA representative directed Plaintiff's counsel's attention to federal legal authority concerning administrative claims, including 28 U.S.C. § 2401(b)'s presentment requirement and 28 C.F.R. § 14.2(a)'s elements of a properly-presented claim. [DE-8-4] Plaintiff's counsel promptly responded indicating receipt of the email [DE-8-4], but the evidence requested by the TSA was never submitted.

2

Several months later, Plaintiff filed the complaint in the instant lawsuit, alleging that the TSA's January 15, 2020 message was an effective denial of Plaintiff's purported administrative claim because the TSA had "indicat[ed] that it would not consider the claim without additional documentation for [sic] which [the TSA was] not entitled." [DE-1 ¶ 50] In her complaint, Plaintiff brings: (1) a claim against Doe seeking money damages for Doe's alleged violation of J.E.'s rights under the Fourth Amendment to the United States Constitution, which claim is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); (2) a claim against the USA for intentional infliction of emotional distress ("IIED"), which claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"); and (3) a claim for injunctive relief against the TSA, which claim does not specify any basis for the relief sought. [DE-1]

On June 16, 2020, the Government Defendants moved to dismiss the claims Plaintiff brought against them. [DE-7] In their motion, the Government Defendants move to dismiss: (1) the IIED claim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"); and (2) the injunctive-relief claim for (a) lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and (b) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Plaintiff responded on July 7, 2020 [DE-12], the Government Defendants replied on July 16, 2020 [DE-13], and the motion is now ripe for adjudication.

## II. Standards of review

a. Rule 12(b)(1)

The Supreme Court has said:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

3

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

A defendant against whom a claim has been brought can move the court to dismiss the claim by arguing that the complaint fails to properly invoke the court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

> When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted).

        b. Rule 12(b)(6)

Federal Rule of Civil Procedure 8 ("Rule 8") requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge the claim's sufficiency under Rule 8 by moving the court to dismiss the claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions

4

proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

### III. Analysis

The Government Defendants have moved to dismiss: (1) Plaintiff's IIED claim pursuant to Rule 12(b)(1); and (2) Plaintiff's injunctive-relief claim pursuant to Rules 12(b)(1) and -(6). [DE-7–8] The court will address the two claims in turn.

5

### a. IIED claim

In Count 2, Plaintiff purports to sue the USA for injuries allegedly endured by J.E., under the theory that Doe intentionally inflicted emotional distress upon J.E. by telling her that she would be required to submit to an inspection of her groin area. [DE-1 ¶¶ 67–73]

As a threshold matter, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Fourth Circuit has said:

> The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment. The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.

*Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (citing 28 U.S.C. § 1346(b)). Because the FTCA functions as a waiver of sovereign immunity, and sovereign-immunity waivers are strictly construed, a claimant seeking to sue the federal government under the FTCA must bring their claim in strict compliance with the statute's terms. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000).

A claimant seeking to sue the federal government under the FTCA is required to first present an administrative claim to the appropriate federal agency within two years of the injury upon which the claim is based. *Id.*; 28 U.S.C. §§ 2401(b), 2675(a). If a properly-presented administrative claim is denied, or if six months elapse without agency action on such a claim, the claimant may then file suit in federal court. 28 U.S.C. § 2675(a). But until the claimant (1) properly presents their claim to the agency and (2) the claim is expressly or constructively denied, federal courts lack the jurisdiction to consider tort claims brought against the federal government, and must dismiss such claims for the claimant's failure to exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 109, 113 (1993); *Kokotis*, 223 F.3d at 278, 281.

6

The Department of Justice has promulgated regulations regarding when an administrative claim is considered to have been properly presented to a federal agency for FTCA purposes:

> For purposes of the provisions of 28 U.S.C. [§§] 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and *the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.*

28 C.F.R. § 14.2(a) (emphasis added). Although such regulations are not created by Congress, they have the force of law and are enforced by federal courts and agencies. *See Ahmed v. United States*, 30 F.3d 514, 516–18 (4th Cir. 1994) (affirming dismissal of FTCA suit for failure to satisfy 28 C.F.R. § 14.2(a)); *Kokotis*, 223 F.3d at 278–81 (same); 28 U.S.C. § 2672 (head of federal agencies may "consider, ascertain, adjust, determine, compromise, and settle" claims based upon the allegedly-tortious conduct of agency employees acting within the scope of their employment "in accordance with regulations prescribed by the Attorney General").

As mentioned above: (1) the TSA responded to Plaintiff's counsel's submission requesting, *inter alia*, "evidence of [Plaintiff's counsel's] representative authority[,]" stating that the TSA was "ready to process the claim" upon the evidence's submission but that it was "unable to process the claim further until such evidence is received" [DE-8-4]; and (2) Plaintiff never submitted any evidence of Plaintiff's counsel's authority to represent her.

An opinion from the Seventh Circuit regarding a case with nearly-identical facts demonstrates that Plaintiff's failure to provide the evidence requested by the TSA rendered her would-be claim deficient for administrative-exhaustion purposes. In *Kanar v. United States*, 118 F.3d 527 (7th Cir. 1997), an attorney timely filed a document that satisfied all of 28 C.F.R. § 14.2(a)'s elements for presenting an administrative

7

claim save the evidence-of-representative-authority element. *Id.* at 528. Before 28 U.S.C. § 2401(b)'s two-year window to present the claim had closed, the agency responded to the attorney requesting evidence of the attorney's authority to represent the claimant, and the attorney ignored the request. *Id.* Sometime after the two-year window had closed, the attorney sent the agency a power of attorney signed by the claimant, but the agency replied that the claim was too late. *Id.* The claimant then brought suit under the FTCA. *Id.* The district judge ruled that because the claim had not satisfied all of 28 C.F.R. § 14.2(a)'s elements within the two-year window, the suit must be dismissed. *Id.* On appeal, the Seventh Circuit panel affirmed, reasoning as follows:

> Did omission of evidence that [attorney] Long had authority to represent [claimant] Kanar frustrate the process of conciliation and settlement that the administrative demand is supposed to initiate? An agency might have overlooked the omission and assumed that a lawyer would have a power of attorney -- but this agency did not. The omission was noted, and Long was instructed to forward the necessary evidence. . . . But instead of cooperating, Long balked. At this point the agency had to make a choice: proceed despite counsel's refusal to follow instructions, or close the file. It chose the latter, a reasonable response to the disdain of a reasonable request. As a result, the settlement process that Congress created as a prelude to litigation . . . was thwarted. Long's omission was not harmless; it scotched the process. . . . Noncompliance with [28 C.F.R.] § 14.2(a) did not turn out to be harmless. For the lack of a good administrative claim, this suit was properly dismissed.

*Id.* at 531.

Because Plaintiff failed to provide the TSA with a power of attorney or other evidence of Plaintiff's counsel's authority to represent her in connection with her would-be administrative claim, the same result must follow here.

Plaintiff makes several arguments in an attempt to avoid that result. First, Plaintiff argues that her counsel is "an attorney well-known to TSA's claims management staff[.]" [DE-12 at 5] Assuming that is true, Plaintiff's counsel's known status as an attorney is not evidence that Plaintiff's counsel has the authority to represent any particular claimant, which is what the relevant regulations contemplate. *See* 28

8

C.F.R. § 14.2(a) (requiring "evidence of [a representative's] authority to present a claim *on behalf of the claimant* as agent" (emphasis added)). This argument therefore falls short.

Plaintiff next argues that Plaintiff's counsel's signature on his submission, in which he certifies that he has the authority to represent Plaintiff in connection with her claim, satisfies the evidence-of-representative-authority element. [DE-12 at 3–8] But Plaintiff's counsel's certification is not sworn [DE-8-4], and an attorney's unsworn statement does not constitute evidence of anything. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (declining to consider "[c]ounsel's unsupported assertions in respondent's brief" as evidence), *superseded by statute on other grounds as stated in INS v. Hector*, 479 U.S. 85, 90 n.7 (1986); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence. . . . But when an attorney makes statements under penalty of perjury in an affidavit or an affirmation, the statements do constitute part of the evidentiary record and must be considered." (citing *Phinpathya*)). Moreover, *Ahmed* stands for the proposition that when a would-be administrative claimant does not file the written notification of the relevant incident himself, the claimant must provide evidence of the filer's authority to represent the claimant *in addition to* the written notification in order to properly present the claim within the meaning of 28 C.F.R. § 14.2(a). *See* 30 F.3d at 517 ("The regulations also require that the claim be accompanied by the title or legal capacity of the person signing the form, and by evidence of such person's authority to present the claim on behalf of the claimant. . . . The record before us contains no evidence that the [claimants] Ahmeds ever gave [attorney] Thaw authorization to represent them for their personal injury claim. Neither did Thaw submit any evidence, *along with the [Standard Form] 95*, indicating that he was a duly authorized representative to file such a claim." (emphasis added)). And *Kanar* shows that, even if the TSA could have assumed Plaintiff's counsel's representative authority without a power of attorney or other such evidence based upon the fact of the submission itself, the TSA was not required to do so. 118 F.3d at 531. Plaintiff's certification argument is therefore equally unavailing.

9

Finally, Plaintiff alleges in her complaint that the TSA's request for evidence of authority sought "additional documentation for [sic] which [the TSA was] not entitled." [DE-1 ¶ 50] While it may be true that the TSA is not entitled to anything from Plaintiff in a vacuum, *Ahmed*, *Kokotis*, and *Kanar* demonstrate that Plaintiff's failure to provide the TSA with evidence of Plaintiff's counsel's representative authority rendered her would-be administrative claim incompletely presented within the meaning of 28 C.F.R. § 14.2(a). As a result, Plaintiff has failed to exhaust her administrative remedies, and Count 2 must be dismissed for lack of subject-matter jurisdiction.

   b. Injunctive-relief claim

Count 3 of Plaintiff's complaint purports to bring cause of action for an "Injunction" compelling the TSA to "take the actions necessary to enforce its policies to avoid future injury as will become apparent as these proceedings progress." [DE-1 ¶¶ 74–81]

As mentioned above, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. Further, "[t]he plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1), because the party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity[.]" *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (internal quotation marks, ellipsis, and citations omitted); *see also Bowman*, 388 F.2d at 760 ("[T]he complaint must state on its face the grounds for its jurisdiction.").

Plaintiff does not direct the court's attention to any legal authority unequivocally demonstrating a sovereign-immunity waiver that would allow the court to exercise subject-matter jurisdiction over Plaintiff's claim seeking injunctive relief against the TSA. In the jurisdictional section of her complaint, Plaintiff invokes 28 U.S.C. § 1331 as the basis for the court's subject-matter jurisdiction for "the constitutional claims[,]" and the FTCA as the basis for "the tort claims[.]" [DE-12 ¶¶ 12–13] But Count 3 mentions neither the Constitution nor any tort, and Plaintiff's references to two classes of claims in the

10

plural for a complaint purporting to bring single claims against three distinct defendants leaves the court guessing regarding Plaintiff's theory of what gives the court subject-matter jurisdiction over this claim. This is fatal under *Williams*.[2]

Moreover, even were the court to determine that it could exercise jurisdiction over Count 3, it would dismiss the claim pursuant to Rule 12(b)(6). Within Count 3, Plaintiff alleges as follows:

> 80. The exact nature of what went wrong to allow the injury to Plaintiffs [sic] to occur will become apparent during discovery, and the precise nature of the injunction the Court should issue to remedy those wrongs will be more apparent.
>
> 81. Plaintiff thus prays for an injunction ordering TSA to take the actions necessary to enforce its policies to avoid future injury as will become apparent as these proceedings progress.

[DE-1 ¶¶ 80–81] Because it leaves the court guessing as to what Plaintiff seeks and why, Count 3 exemplifies the sort of speculative pleading that the Supreme Court has made clear is unable to survive a Rule 12(b)(6) challenge. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

For multiple reasons, then, Count 3 must also be dismissed.

---

[2] Even assuming *arguendo* that Plaintiff's other filings could cure Count 3's ambiguities, the filings fail to clarify Plaintiff's theory regarding the court's jurisdiction over the claim. Plaintiff stated in her brief opposing the Government Defendants' motion to dismiss that "the legal basis for the injunctive relief requested in Count 3 is the Fourth Amendment to the U.S. Constitution" [DE-12 at 17], but weeks later, Plaintiff argued that discovery should proceed despite the motion to dismiss because "whether or not the Court has jurisdiction over *the FTCA claims*, it certainly has jurisdiction over the *Bivens* claims[.]" [DE-14 (emphasis added)]

11

## IV. Conclusion

For the foregoing reasons, the Government Defendants' motion to dismiss is GRANTED.

SO ORDERED this the 29th day of October, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE